Good afternoon. We will hear argument now in our second case, Progressive Insurance Company versus Y.E. and Mr. Murphy. We can hear first from you. Thank you and good afternoon members of the court. The article 3 case for controversy requirements are met in this material misrepresentation case and the district court erred in dismissing the case based upon dicta in the trust guard decision. Progressive had standing to seek rescission based on material misrepresentation and the case was right for adjudication under the Declaratory Judgment Act when the action was filed. Therefore, yes. Sorry to interrupt you so quickly, but speaking of Article 3, I wanted to ask about what's going on in the state court. The last time I checked the docket, it didn't answer on behalf of the defendants in the state court. So, Progressive is participating in the litigation. Is that right? Yes, Your Honor. They actually have two reasons to. One was the potential of liability coverage, which would require them to defend Mr. Serrato. Of course, they also had underinsured coverage, which was the first party coverage to the minor. So, they have a two different interests, which were there when the loss occurred. But to my knowledge, I'm not involved in that action and I don't have any further knowledge than what you may have. No, that's fine. I was just curious about what was going on because it seems a little bit relevant to the mootness question here. Now that Progressive, there has been a lawsuit filed, which was not the case when the district court ruled. So, there has been a lawsuit. Progressive is participating and has filed an answer and is defending that. Why is this not a moot appeal now? Because clearly the district court has jurisdiction one way or the other now. We had the motions to dismiss on mootness and the more I looked at it in preparing for today, what really, that development really would be causing an issue because the controversy is still alive. Whether the policy is void or valid is very much alive. Right, right, right. The question is whether the appeal becomes moot because the case is now wrecked, right? We had a case once where a party had not, the district court dismissed the case because the party had not exhausted. And then by the time it got on appeal, the plaintiff had exhausted and we dismissed as moot because we said, well now, you know, whether the district court was right or wrong, you've solved the problem the district court thought you had. So, everything can go on as it should have. There was, the Fifth Circuit had a case, a zoning type case, last year. DM Arbor Court Limited versus City of Houston. And they acknowledged that a case could ripen on appeal, which is what we think here became super ripe. You know, it was a yellow banana when we filed it. It might be brown now, but it certainly wasn't green when it was filed. But they noted that that could lead to vacating the order and remanding for consideration on the merits if the ripeness problem was prudential rather than constitutional. And the district judge here based her decision on both constitutional and discretionary type terms between the standing and the ripeness. So, we think that the fact that even the district judge would probably agree with us that the case is ripe now, and that there probably is an actual injury, we believe the remedy is to reverse the district judge and remand the case, not to vacate. And the reason is because it's clear that standing and ripeness both existed at the time this was filed. And I can, I can address those. What difference does that make now, though? You know, if we rule that standing existed at the time, you know, if we rule that, well, standing existed at the time, so the district court was wrong, that doesn't make any difference than if we rule standing didn't exist at the time, but it does now. You know, either way, you get to, I mean, as long as we vacate in a Muncie where it's out of way, either way, you get to proceed with your lawsuit, or they, you know, just as just as you would have. Yeah. And we're just offering our sort of, you know, advisory opinion on whether the district court interpreted TrustGuard correctly. I completely agree with you. And just looking at the Fifth Circuit case and other cases, is whether that that is an option when there was a constitutional concern under the standing, as opposed to just the discretionary that just may be actually on ripeness, which the filing of the suit seems to address the ripeness doesn't really seem in my view to address the standing because the the underlying claim was based on rescission, not on just declaring language in the policy. So I think from a practical standpoint, either one puts the parties in the same position that is backing the district court proceeding forward on the merits of the claim. You know, I'm not clear on the case law as to whether or not it requires a reversal, or whether or simply vacating that order and remanding it not for dismissal without prejudice as the district judge ordered, but for proceeding on to the merits. From a practical standpoint, it wouldn't matter to me at all. I'm just not sure if the case law allows that in light of the basis for the ruling to begin with. Yes, Your Honor. Well, I just think one helpful way to think about it. No, you go ahead, Judge Floyd. Okay, I'm a little bit confused about what you're saying now. I, I interpret this, this lawsuit of yours to be one of rescission. It has nothing to do with duty to defend except that if there's no policy, you don't have a duty to defend. And I think the district judge misapprehended that. So, what is the relief that you, that you seek now? You, you want to vacate the, the district judge's opinion and then what? What I was just simply alluding to was that vacating the order and remanding it for further proceedings is the same result as reversing it and remanding it for further proceedings. So, I, I, the court may not have to get into why it was wrong if they believe it's become right. Let's see it. Let's interplay then it with the mootness issue. Well, I think that the case itself is not moot. It's basically that the, the basis for her ruling no longer exists. I don't know if that's mootness. It seems to me that it was a, she said our case wasn't right because there was no underlying lawsuit. Now, there is an underlying lawsuit. So, now the case would be right. So, I see it as a case becoming right on appeal issue, not a case becoming moot on appeal. That might be just semantics, but it, it seems to me that, that her finding that the case was not right, that basis, we think it was right anyway. But her finding is clearly even, I think the district court agreed that under her rationale, the case is now right. What would have made, what would have made the case ripe at the time when you said is that, you know, the material misrepresentations were made, the premiums were lower because of that. And, and then, then there was a demand letter of $100,000 or so. And so, when the district judge confused duty to defend with the vulnerability issue, it seems to me that the better course would be to vacate the district court and, and remand the case and just stay away from mootness. Yes. I, I don't, I don't think the case is moot at all. I think it was ripe at the time. I, I think that the trust guard language has, has been very confusing for bench and bar. And so, I think the reversal here, you know, wouldn't help clarify those things. But I think the practical impact of whether the order is vacated or reversed is no different. If that makes this clear. Yes, Your Honor. Counsel, so, to my ears, like you have said several times at argument that there is no practical difference in the world if we hold, not that the case is moot, because the controversy, the origin, the controversy coming up from the district court is whether there can be a declaratory judgment action like this before a suit is filed. That controversy no longer exists in the world, right? Because now a suit has been filed. And you, you've hopefully, I think, clarified several times today that it makes no practical difference. There's no practical effect or distinction between whether we just say the appeal is moot and vacate or whether we address the district court's reasoning and reverse and vacate. And that is the definition of an advisory opinion, right? If it makes no practical difference in the world, we can't do it. The only caveat I would give you, Your Honor, and I agree with you 100%, and is that when I read the Fifth Circuit case, and this is not something I do every day, there seemed to be a concern that you could not make a constitutional standing issue become ripe on appeal. Well, you can if the reason the district court says, I can imagine the circumstances the Fifth Circuit is in, and they may be different. I think if the district court says you don't have standing for the exact same reason that the case isn't ripe, you will both have standing and have a ripe case at the moment suit is filed. And then suit is filed, that takes care, that moots out both the controversy about standing and the controversy about ripeness, because they both turn on the exact same thing. And her order does seem to read that way, but we weren't in front of her. We didn't hear what her thinking was. We got the order. And so I only say what I've just said about the constitutional aspect of standing and an abundance of caution. But I agree. She seemed to base both issues on the same, even though the case law from the Supreme Court and the circuit, they kind of see those issues a little bit differently, but she kind of lumped them together on the standpoint. I agree. It could be advisory because her basis doesn't exist anymore. But the order was erroneous in our view. So I don't know if that warrants going forward to address it in that way or not. And again, from a practical standpoint, I think this court could fashion a vacatur that you know, admonish the court to go forward and consider the case on the merits. That's all we're really asking for. The way we get there doesn't really matter to us. And I wouldn't want the court to address things that don't need to be addressed. But we were we were we were wanting to make sure that we didn't end up with the case being dismissed because that could raise other problems for And it was, again, unclear to us whether the entire order could be vacated or only a portion of it could be vacated. And then we might be back in the same place and have to reestablish standing or argue that again. But I think she did base both her findings of standing and rightness on the same grounds, and that is that there was no actual lawsuit that had been filed at the time the declaratory judgment was filed. We do think rescission, standing alone, is a justiciable case. That's been well noted through the years. The Second Circuit was very clear that a claim to rescind is by itself a justiciable controversy. And we think the district court erred in not reading the complaint that way. Obviously, the consequence of the policy being declared void would be that there would be no coverage, as Judge Floyd has pointed out. But the void ab initio, and that was clearly set forth in the complaint. And I think the district court didn't read it that way, but I think that's the only way we, that's the only ground we were asking for. And I think the standing and rightness were met. But obviously, now that the basis that the district court used no longer exists, that's another avenue to remand the case. I'd be glad to address any of the other issues if the court wants to hear about them, but I don't want to waste the court's time on that. I do have some time left that I can come back to. Great. You do have time on rebuttal. And Mr. Parker, we can hear from you now. Thank you, Your Honor. May it please the court. I'm going to keep this pretty brief. I probably won't use the whole 20 minutes because I think that the court's already gotten to a point that's very important and that's dispositive of this appeal, which is that this appeal is now moved. I believe Mr. Murphy just said that he believed that any opinion that y'all issued would be advisory. Because as things stand today, progressive is free to refile their D.J. action as they see fit, either in state court or federal court, which means that any issue that comes from the court regarding the matter that we hear about today is going to have no effect. And the court can't issue an advisory opinion. And this is the very definition of what an advisory opinion would be. So I think that's a very simple reason to say that this is moved without getting and drilling really far down into the is a little bit nebulous, maybe, in trying to discern exactly how her decision was made. But just to really briefly go over that, my reading of the order is that there were two things that the district court did. First, the district court said, you're asking for rescission of the policy. That's your first declaration. And here's an issue with what progressive wants you to do. That determination wasn't a standing determination. The district court said plaintiff did not properly assert a claim for rescission of the policy. That's not a standing issue. That is a waiver issue. Basically, what the law of South Carolina says is that to properly assert a rescission claim, a plaintiff has to tender the return of the premium payments to be insured prior to be able to seek relief. Now, yesterday, I did a really quick look through some other state jurisdictions of what their law of this is. And everything I found said that tendering a return of the premiums is a condition precedent to filing a material misrepresentation claim for insurance policy. What the district court did was they looked at the evidence before the district looked at evidence before it and said, there's been no return of any premiums. Therefore, you have waived your claim. You have not properly. Can I just ask you a question? This is not my field at all. Talk to me like I'm a fifth grader. Just as a matter of common sense, how could it possibly be the case that you have to give back the money before you bring your claim? What if you lose your claim? You have to give back all the money and then you go to court and say there was a material misrepresentation. What if the court says, no, there wasn't? Why does that make sense? I read the law differently. I thought as a condition of relief, you were going to have to give back the money, but not before the court said, you're right. There's been a material misrepresentation. And I can see where you're coming from. But my reading of what I read yesterday is that as a waiver issue that the insurer, after they have accepted money from the insured, once they discover there's been a material misrepresentation, they can't keep that money and then say to the court, hey, I'm voiding your policy. The steps they're supposed to be taking from the law that I read is that the insurer sends a letter to the insured and says there have been material misrepresentations. We're voiding the policy or we're going to seek to void the policy. And then the insurer has to do one of two things. They either have to tender a return of the premiums or offer to do so. They don't actually have to do it, but they have to do one of those two things. And that's where I think the courts view it as a waiver issue, because what they're saying is you can't, as the insurer, try to void the policy on the insured, but turn around and keep the money they gave. You can't do both things at the same time. If you don't return that money or offer to return it, you're waiving your right to assert a material misrepresentation claim. Now, regardless of whether or not that's correct, that's what the district court's order found. Progressive didn't appeal that decision. They didn't raise that issue. It's not in their issues they raised in their brief. They didn't argue it. So it's not preserved for the court's review. And then what does that leave you with? The material misrepresentation claim is gone. So what I think the district court said, well, we're going to construe the pleadings broadly and say you still are asking for basically a termination on your duty to defend and your duty to indemnify. And under pretty basic South Carolina law principles, duty to indemnify, there is no standing until there's been a judgment. So that's not, there's no standing and that's not right. Second, under a duty to defend under South Carolina law, all the cases talk about how a complaint has to be filed. And this is under your traditional case where the duty to defend is going to be based on the person's complaint. And this is a little bit different because there is a material misrepresentation. But if still the lawsuit has been filed, the duty to defend has not been treated. There's no obligation to defend. And as far as my understanding of, again, majority rules of state jurisdictions, the duty to defend is only triggered by initiating a lawsuit. It's not getting involved in the case. And the only exception to that is in certain very rare circumstances where there's something like an administrative proceeding that is occurring before the beginning of a lawsuit and a record is being created there where the insurer is going to want to participate and defend the insured. But that's not the case here. And generally, in a personal injury lawsuit, the duty to defend is not going to be triggered until the lawsuit's been filed. Because until that point, it's hypothetical and conjectural as to whether or not they're actually going to have to defend. And so, you know, if we go further than that, there are, I think, redressability issues that are implicated by South Carolina's financial responsibility laws. I don't think it's necessary to drill that far down into it because going back to my first point, I think that anything that the court would seek to do would be advisory at this point. And that progressive is, yes, Your Honor. Sorry, I hate to detain us, but I did have a question about your merits argument, which I think is not actually a redressability argument. It's a merits argument. But your understanding of South Carolina law, right, is that it's basically they can't win on a rescission claim because it's too late, because there's already been an accident that harmed a third party. And then your bring a case before there's been an accident and a lawsuit. So when can you bring a material misrepresentation suit in federal court? So I thought about this because I anticipated that I was going to get asked this question. And my understanding is, and reading it, and this is what I think, is that a material misrepresentation plan, if you bring it properly, if you don't necessarily have to wait until after the lawsuit is filed, depending on the specific circumstances or facts of the case, but you cannot bring it after the accident has happened. So if the insurer somehow discovers through some type of diligence or information they received that an insurer has lied in applying for a policy, it may be the case that in some instances there is standing to seek a information and they know that it's happened. But in this case... So you agree that if this is a material misrepresentation claim, you don't have to wait for the accident and the lawsuit? Well... Your argument is that on the merits, this isn't one. They can't win on the merits on that one. Yes, Your Honor. I understand that you see it as a merits and not a redressability. I see it as a thing where it's impossible for what progressives asking for to be redressed because what they're asking for is a common law remedy for material misrepresentation when South Carolina statutory law has abrogated that remedy to the extent they're asking for it after an innocent third party has been injured. Right, but the redressability question is whether a favorable court judgment would redress the injury. So you have to sort of assume they're going to win on the merits and then figure out, will what they are asking for from the court redress their problem? Either way, I'm just interested in it as a legal question, but you've answered my question about the window for bringing a suit. Yes, Your Honor. And again, I think that in this case, regardless of whether or not that's true, the district court found that they hadn't properly asserted a claim for rescission and they haven't appealed that decision. So with that, I would ask the court to affirm the district court's decision. Thank you for the opportunity to be here to speak to you today. Thank you. Mr. Murphy, you've got time. Yes, Your Honor. Thank you. And just briefly, the entire rescission claim would not be barred by the automobile insurance statutes that only apply. And one of the certified policies, but even if they apply to all policies, which is one of the disagreements, that would only apply to minimum mandatory coverage in minimum limits. And in this case, the policy had excess liability coverage, which anything above the minimum limit is certainly subject to common law rescission, equitable rescission. And certainly the underinsured motorist claim of the minor would be on that issue before for progressive many years ago. So there's no question that there's redressability because this was more than a minimum limits policy and more than just a mandatory coverage claim, which in South Carolina, and I know that's an aside, but certainly there was there's redressability. And to say that it's been abrogated, if it's been abrogated at all, it's only been abrogated as to the liability minimum coverage of 25. And there's ample coverage above that that would be subject to rescission. Also, it's clear in South Carolina law, as an attorney who brought dozens of material misrepresentations cases, that you do not have to formally tender the return of premium. You certainly don't have to actually make it or pay it if you are seeking a judicial rescission. And in this case, it is, as the court noted, it's a condition of relief. So if the court were to declare that the policy was void, it would only become void upon a return of the premium to the insured and that can be ordered in the relief. And that's something that we'll deal with on the remand of this case. A unilateral rescission, which some people still do, not just insurance contracts, but all contracts does require a return of the consideration or the premium before you unilaterally declare the policy void. And that's not what happened here. Progressive went to court and believes that they have an adequate claim to present at that time. So those were just two issues. They're not really addressing the constitutionality that they were raised. I'm welcome to answer any other questions the court may have, but I think the court obviously well read on the issue and I won't waste anyone's time if there are no further questions. If neither of my colleagues has questions, then I think we are set. Thank you both very much for your time this afternoon. We appreciate it. We're sorry that we can't thank you in person, but we hope that you stay well and that we will see you in Richmond soon. Thank you, Your Honor. Thank you. And I guess we can adjourn court for the day, please. This Honorable Court stands adjourned until tomorrow morning. God save the United States and this Honorable Court.
judges: Pamela A. Harris, Allison J. Rushing, Henry F. Floyd